MOTION FOR EXPEDITED CONSIDERATION

FILED 31 JUL '25 13:43 USDC-ORP

Jorden Hollingsworth
Pro Se Petitioner
15919 SE Mcloughlin Blvd #4
Portland, Oregon 97267
503-488-9680
Jordentimothy11@gmail.com

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

JORDEN HOLLINGSWORTH,

Petitioner,

v.

SANOFI-AVENTIS US; CHATTEM INC.; QUTEN RESEARCH INSTITUTE LLC; AMJ SERVICES LLC; DRVM LLC; DEEPAK CHOPRA; MAGED BOUTROS; ASHRAF BOUTROS; MARIE-LAURIE AMIARD-BOUTROS,

Respondents.

Case No 3:25-CV-1342-AB

### MOTION FOR EXPEDITED CONSIDERATION

Claimant respectfully moves this Court for expedited consideration of the concurrently filed **Petition to Compel Arbitrator Appointment under 9 U.S.C. § 5.** The record establishes intentional procedural misconduct by respondents and a growing risk of irreparable harm to the arbitration process, public interest, and federal oversight.

1

MOTION FOR EXPEDITED CONSIDERATION

## I. GROUNDS FOR EXPEDITED REVIEW

1. This case involves a $15 billion healthcare fraud claim with active federal whistleblower filings and IRS-assigned claim numbers. Evidence includes falsified W-2 payroll issued through dissolved entities, corporate concealment, and AI-generated legal filings.

2. The shell company DRVM LLC, named as the sole respondent, was dissolved and then secretly reactivated mid-arbitration. The timing and lack of disclosure suggest intentional deception aimed at obstructing accountability.

3. A $6,130 arbitration deposit was submitted without notice to Claimant. This undisclosed payment violates JAMS protocols and demonstrates that respondents are attempting to move the process forward in secret while remaining publicly unaccountable.

4. JAMS provided a strike list of proposed arbitrators — none of whom have experience in AI-assisted litigation, whistleblower law, or complex healthcare fraud. This list contradicts the parties' prior agreement that the case would proceed under the JAMS AI Rules. Claimant filed a formal objection and gave a 48-hour deadline for correction. No action was taken.

MOTION FOR EXPEDITED CONSIDERATION

## II. URGENCY

5. No other respondent has appeared on the record since March. DRVM remains the only named entity, and its reactivation appears to be a calculated tactic to avoid broader exposure.

6. Claimant has acted in full compliance, submitted filings, and made the case public. The combination of procedural gamesmanship, concealment, and lack of qualified oversight presents a serious risk to due process.

7. The matter has outgrown its private contractual origin. It now involves federal agencies, public interest, and potentially criminal structuring to avoid detection and legal consequence.

8. This is not only a matter of procedural delay. It places a federal whistleblower's safety and livelihood at risk, in a middle of exposing fraud and concealment by a multibillion-dollar healthcare conglomerate.

MOTION FOR EXPEDITED CONSIDERATION

## III. REQUEST FOR RELIEF

9. Claimant respectfully requests that this Court treat the Petition with urgency and issue a ruling within 14 days or on a timeline the Court deems appropriate.

10. Time is of the essence. The reactivation shows intent to mislead. The hidden deposit shows intent to conceal. The JAMS list lacks the expertise required. The Court's expedited review is critical to ensure this matter proceeds fairly, transparently, and lawfully.

Respectfully submitted,

Dated: July 31st, 2025

/s/ Jorden Hollingsworth
Jorden Hollingsworth
Pro Se Petitioner
15919 SE McLoughlin Blvd #4
Portland, OR 97267
503-488-9680
Jordentimothy11@gmail.com