Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Bobbi J. Edwards, OSB No. 211574
bedwards@fisherphillips.com
FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262 telephone
(503) 242-4263 facsimile

Attorneys for Respondent DRVM LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JORDEN HOLLINGSWORTH,<br><br>                Petitioner,<br><br>v.<br><br>SANOFI-AVENTIS US; CHATTEM INC.; QUTEN RESEARCH INSTITUTE LLC; AMJ SERVICES LLC; DRVM LLC; DEEPAK CHOPRA; MAGED BOUTROS; ASHRAF BOUTROS; MARIE-LAURIE AMIARD-BOUTROS,<br><br>                Respondents. | Case No. 3:25-cv-01342-AB<br><br>**RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT** |

      This Court should deny Petitioner's request for specific requested relief contained in his Petition to Compel Arbitrator Appointment filed on July 31, 2025 (ECF No. 2). Petitioner's filing is a textbook example of bad-faith litigation. His scattershot inclusion of unrelated parties

PAGE 1 -   RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

**FISHER & PHILLIPS LLP**
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

FP 56081402.3

and legally baseless claims is an abuse of both the arbitration process and this Court's jurisdiction.

Respondent DRVM LLC supports the Court's appointment of a qualified arbitrator but does not agree that Petitioner's inability to obtain representation or his misunderstanding of his own claims should entitle him to unilaterally select an arbitrator—especially one lacking relevant subject matter expertise—at Respondent DRVM LLC's expense.

The only cognizable dispute between these parties is a narrow wage and hour claim under Oregon law. Petitioner's ongoing attempts to expand this case into a sprawling, multi-billion-dollar crusade involving unrelated entities, speculative damages, and social media theatrics have no legal or factual basis. The Court should safeguard the integrity of the arbitration process by appointing a neutral with substantial Oregon wage and hour law experience, not Petitioner's preferred candidate, whose expertise lies in areas wholly unrelated to the dispute.

## I.    SUMMARY OF FACTS AND DISPUTE TIMELINE

### A.    The Legal Dispute Between Petitioner and Respondent DRVM LLC is Limited to a Question of Oregon Wage Law.

Petitioner worked for Respondent DRVM LLC as a Sales Promoter inside an unaffiliated warehouse store for 22 shifts. He was paid $25.00 per hour plus $3.00 per unit sold, with both base pay and commissions clearly itemized on each of his bi-weekly wage statements. Upon hire, Petitioner executed a valid Arbitration Agreement covering all disputes that arose from his employment with Respondent DRVM LLC.

On December 10, 2024, the warehouse store manager requested Petitioner's removal from the premises for inattentiveness, poor sales performance, and bringing in unauthorized

PAGE 2 -    RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

FP 56081402.3

visitors. In response to the complaint, Respondent DRVM LLC terminated Petitioner on December 12, 2024.

Petitioner was paid on December 13, 2025 for work performed through December 8, 2024, however, his final paycheck did not include wages for December 11–12, 2024. In compliance with ORS 652.150(2)(a), Petitioner submitted written notice of nonpayment on December 16, 2024, and DRVM LLC paid the $637.15 in unpaid wages and commissions on December 27, 2024, within the statutory notice period of 12 days. Because Oregon law caps penalty wages at 100 percent of the amount of unpaid wages when payment is made within the 12-day notice period, DRVM LLC's penalty was limited to $637.15.

Despite this, on January 4, 2025, Petitioner made a demand of $10,050—asserting entitlement to the full 30-day penalty—an assertion DRVM LLC disputed. On January 8, 2025, DRVM LLC paid the capped penalty of $637.15. The next day, January 9, 2025, Petitioner demanded $8,000, then $6,500, to resolve the matter. DRVM LLC, believing nothing further was owed, declined to engage further.[1]

**B.      Escalating Arbitration Demands and Bad Faith Amendments**

**1.      February 18, 2025: Demand of Arbitration**

On February 18, 2025, Petitioner initiated arbitration through JAMS against not only his former employer, Respondent DRVM LLC, but also an array of other corporate entities and individual respondents none of whom had anything to do with Petitioner's employment or the cessation thereof. Petitioner's initial Demand for Arbitration alleged damages of $10,050

---

[1] Note, while Respondent DRVM LLC denies that Petitioner was entitled to any additional penalty wages over the 100 percent statutory cap, on July 1, 2025, Respondent DRVM LLC made a $7,795.50 payment to Petitioner, which is more than he can recover on his one cognizable claim. This payment renders his complaint moot.

PAGE 3 -   RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

arising from his belief that Respondent DRVM LLC owed him additional unpaid wage penalties beyond the 100 percent capped penalty of $637.50.

### 2. February 26, 2025: Amended Demand for Arbitration

On February 26, 2025, Petitioner amended his Arbitration Demand to increase his monetary demand by a staggering $300,000 for unsupported punitive damages and emotional distress.

### 3. March 31, 2025: Second Amended Demand for Arbitration

On March 31, 2025, Petitioner amended his Arbitration Demand once again, this time increasing his alleged damages from $310,500 to $6 billion dollars. Petitioner stated that the increase was due to "expanded scope of financial, reputational, and regulatory exposure," "increased damages revealed through newly uncovered exhibits," the "systemic nature of concealment and benefit derived across interconnected entities," and the "Respondents' procedural retreat and refusal to participate in prior fillings, signaling potential bad faith and avoidance of liability."

### 4. April 7, 2025: Third Amended Demand for Arbitration

On April 7, 2025, Petitioner amended his Arbitration Demand to increase his alleged damages to $10 billion dollars. Petitioner alleged that his increased demand was warranted due to the escalation of public harm, reputational damage, and economic instability related to the "Hands Off!" protests, and JAMS decision to remove several entities Petitioner named in his arbitration demands.

### 5. April 8, 2025: Fourth Amended Demand for Arbitration

A day later, on April 8, 2025, Petitioner amended his Arbitration Demand to increase his alleged damages to $15 billion dollars citing "ongoing reputational, financial, and

PAGE 4 -  RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

systematic fallout triggered by this matter and now compounding by public, legal, and regulatory exposure." Petitioner did not link his demand to any actual damages suffered by him in relation to his employment with Respondent DRVM LLC.

### 6. Petitioner's Refusal to Follow JAMS Rules

Over the past few months, Petitioner has completely ignored the JAMS procedures by imposing artificial deadlines, making outrageous monetary demands, putting forward vague conspiracy-style claims that are wholly unrelated to his employment with Respondent DRVM LLC.

On June 16, 2025, Petitioner demanded that JAMS appoint Ryan Abbott ("Abbott") as arbitrator, but concluded stating he would "welcome the appointment of any arbitrator" JAMS believes "is most qualified to fairly oversee this matter." Because Abbott has no relationship with Oregon and the legal claims at issue do not touch on AI or emerging technology, on June 27, 2025, Respondent DRVM LLC objected to Abbott's appointment, but agreed to participate in JAMS rank and strike process.

On July 27, 2025, Petitioner objected to the full rank and strike list, claiming that none of the experienced, retired judges were qualified to hear this matter. JAMS Rule 15(c) provides that parties may have seven days to rank and strike arbitrators from the panel. Instead of participating in the process, Petitioner unilaterally gave a 48-hour window requiring that either (1) JAMS fully replace the panel or (2) Respondent DRVM LLC accept his choice of two arbitrators both of whom are AI experts but neither of whom has practiced or adjudicated matters in Oregon—or else he would file for a court-appointed arbitrator. He did so on July 31, 2025.

PAGE 5 -   RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

**FISHER & PHILLIPS LLP**
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

### 7. Bad Faith Engagement

All the while, Petitioner has taken to social media in an effort to monetize his legal claim through TikTok viewership. On his public TikTok account (https://www.tiktok.com/@jordenhollingsworth) Petitioner alleges that he is "fighting for his life" and claims his "life is in danger."[2] He tries to rile up his followers by telling them that he is up against companies who have a "history of corruption, fraud, manslaughter, [and] murder . . . ."[3] These inflammatory statements have elicited violent suggestions from viewers and are untethered from the legal realities of his claim. In turn, his followers leave comments that encourage Petitioner to use the same violence used by Luigi Manigione, the man indicted for the murder of UnitedHealthcare executive Brian Thompson in December 2024. A sample of such comments include: "Keep going write a letter to Luigi [M]anigon . . . ."[4] and "Luigi didn't sue. [J]ust sayin."[5] The throughline in all of Petitioner's videos is his conflation of broad social grievances with his individual wage dispute, in an effort to inflate the perceived stakes.

## II. ARGUMENT

### A. Respondent DRVM LLC Agrees to Have the Court appoint a Qualified Arbitrator with Oregon Wage and Hour Experience.

Respondent DRVM LLC does not oppose the Court's authority to appoint an arbitrator under 9 U.S.C. § 5 where the parties have failed to agree. However, because the underlying

---

[2] https://www.tiktok.com/@jordenhollingsworth/video/7535637053019540791

[3] https://www.tiktok.com/@jordenhollingsworth/video/7535637053019540791

[4] https://www.tiktok.com/@jordenhollingsworth/video/7533791168258149646

[5] https://www.tiktok.com/@jordenhollingsworth/video/7537005004838735117

PAGE 6 -   RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

dispute is a wage and hour claim arising under Oregon law, and the parties' arbitration agreement contemplates resolution of employment-related disputes, the arbitrator must have substantial experience in Oregon wage and hour law to ensure a fair and competent adjudication.

Petitioner's insistence on appointing an arbitrator with "demonstrated experience in artificial intelligence and emerging technologies" has no basis in the claims at issue. Petitioner is under the false belief that there is only one arbitrator that is fit to hear his claims: Ryan Abbott. Petitioner seems fixated on Abbott due to Abbott's published work involving artificial intelligence ("AI"). While Abbott is very accomplished, Petitioner's claims arise under Oregon statutory law and have no relationship with artificial intelligence. Petitioner asserts that because he is self-represented and is using AI tools to assist him with his research and legal arguments, that it is necessary for the arbitrator to have cutting edge knowledge of AI. This is simply not true. Petitioner's attempt to recast this as a technology or whistleblower matter is a transparent effort to avoid the selection of a qualified Oregon employment arbitrator and to inject irrelevant issues into the process in an effort to drive up attention on his social media platforms. This matter needs a knowledgeable arbitrator that is experienced in Oregon wage and hour law, which is the only legally cognizant claim that Petitioner has presented.

Respondent DRVM LLC has consistently agreed to proceed with a list of arbitrators who possess **both** AI/emerging technology and Oregon wage and hour experience, but only as relevant to the actual claims at issue. Petitioner's refusal to accept any arbitrator with demonstrated Oregon wage and hour expertise instead declaring that this matter needs an AI expert is unreasonable and contrary to the parties' agreement and the interests of justice.

PAGE 7 - RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

**FISHER & PHILLIPS LLP**
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

### III.  CONCLUSION

For the foregoing reasons, Respondent DRVM LLC respectfully requests that the Court:

1. Deny Petitioner's Petition to Compel an AI-expert such as Ryan Abbott or Daniel Garrie as Arbitrator; and

2. Award Respondent DRVM LLC reasonable attorney fees incurred for having to defend the filing of Petitioner's motion; and either

3. Compel Petitioner to comply with JAMS rank and strike process; or

4. Appoint a qualified Oregon or Washington-based arbitrator experienced in Oregon wage and hour claims.

DATED this 14th day of August 2025.

        FISHER & PHILLIPS LLP

        *s/ Stephen M. Scott*
        Stephen M. Scott, OSB No. 134800
        smscott@fisherphillips.com
        Bobbi J. Edwards, OSB No. 211574
        bedwards@fisherphillips.com
        503.242.4262 Tel.
        503.242.4263 Fax

        Attorneys for Respondent DRVM LLC

PAGE 8 -  RESPONDENT DRVM LLC'S RESPONSE TO PETITIONER'S PETITION TO COMPEL ARBITRATOR APPOINTMENT

FP 56081402.3

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

## CERTIFICATE OF SERVICE

I hereby certify that on the date written below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

| | |
|---|---|
| Jorden Hollingsworth<br>15919 SE McLoughlin Blvd., Unit 4<br>Portland, OR 97267<br><br>*Petitioner Pro Se* | ☒ First-Class Mail, postage prepaid on 08/15/2025<br><br>☒ Email (courtesy only)<br>   jordentimothy11@gmail.com |

DATED this 14th day of August 2025.

FISHER & PHILLIPS LLP

*s/ Stephen M. Scott*
Stephen M. Scott, OSB No. 134800

Attorneys for Respondent DRVM LLC

PAGE 1 -   CERTIFICATE OF SERVICE

FISHER & PHILLIPS LLP
560 SW Tenth Avenue, Suite 450
Portland, Oregon 97205
(503) 242-4262

FP 56081402.3