IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORDEN HOLLINGSWORTH

        Petitioner,

    v.

SANOFI-AVENTIS US,
CHATTEM INC., QUTEN
RESEARCH INSTITUTE LLC,
AMJ SERVICES LLC,
DRVM LLC, DEEPAK CHOPRA, MAGED
BOUTROS, ASHRAF BOUTROS,
MARIE-LAURIE AMIARD-BOUTROS,

        Respondents.

Case No. 3:25-cv-01342-AB

ORDER

**BAGGIO, District Judge:**

Jordan Hollingsworth ("Petitioner"), a self-represented litigant, filed a Petition to Compel Arbitration on July 31, 2025 ("Pet." or "Petition", ECF 2) along with an application to proceed in forma pauperis. ("IFP App.", ECF 1).

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). On his application, Petitioner lists a monthly income of $1,121.20 and $6,130.10 in his checking account, which came from a deposit into his account by one of the Respondents. *See* IFP App., 2; Pet., 4. Petitioner's IFP application establishes that the $405 filing

1 – ORDER

fee[1] represents roughly thirty-six percent of Petitioner's $1,121.20 monthly income. *See* IFP App., 2. Once Petitioner's rent, utility, and transportation costs are considered, Petitioner would have to dedicate almost all his remaining funds, which would mean forgoing eating and any other necessary expenses that month to pay the filing fee. *See id* at 2, 4–5. To the extent that Petitioner has approximately $6,000 in his checking account, this is a relatively modest savings, especially as his monthly expenses are almost as much as his monthly income. *See* IFP App., 2, 5. Accordingly, the Court grants Petitioner's IFP application. *See Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("One need not be absolutely destitute to obtain benefits of the in forma pauperis statute.").

Because Petitioner's Petition states a claim upon which relief could be granted, the Court orders service of Petitioner's Petition upon Respondents. *See* 28 U.S.C § 1915(2)(B)(ii); *see also* 9 U.S.C § 4 (stating that a petition to compel arbitration shall be served "in the manner provided by the Federal Rules of Civil Procedure"). Once all Respondents have appeared in this matter, the Court will determine whether to set a hearing.[2] *See* 9 U.S.C § 4.

## CONCLUSION

The Court GRANTS Petitioner's in forma pauperis application (ECF 1). The Court DENIES Petitioner's Motion for Expedited Consideration (ECF 3) as moot and DENIES Petitioner's Application for CM/EFC Registration as a Self-Represented Party (ECF 5) without prejudice to filing a renewed application, if necessary, later.

---

[1] This amount includes a $55 administrative fee for filing a civil action, suit, or proceeding. *See* https://www.ord.uscourts.gov/index.php/filing-and-forms/fees (last visited July 17, 2025).

[2] Respondent DRVM LLC filed a response to the petition on August 14, 2025. Respondent DRVM LLC's Response to Petitioner's Petition to Compel Arbitrator Appointment (ECF 6).

2 – ORDER

Within thirty days of the date that this Order is filed, Petitioner is directed to: (1) prepare an original summons for each Respondent and submit it to the Clerk of the Court for issuance; (2) provide, for each Respondent to be served, the original and three copies of such summons, three copies of his Petition, and three copies of the case assignment order issued in this case to the Clerk of Court for service; and (3) complete the U.S. Marshals Service Form (USM285) for each Respondent, which may be obtained upon request from the Clerk's Office, for service of process and submit it to the Clerk of Court.

Petitioner may choose to complete service pursuant to Federal Rule of Civil Procedure 4 without the aid of the U.S. Marshals Service; if so, return of service must be filed promptly following completion of service and within the time set forth in Rule 4. Failure to comply with this order and/or to timely serve a Respondent may result in dismissal of that party from this matter without prejudice and/or dismissal of this matter without prejudice.

IT IS SO ORDERED.

DATED this  18th  day of August 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

3 – ORDER